NUMBER 13-05-090-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

RENZENBERGER, INC., THE
BURLINGTON NORTHERN AND
SANTA FE RAILWAY COMPANY
AND SAMUEL GRANT EVERSON,                                    Appellants,

v.

CORNELIOUS O’BRYANT, JR.,                                                 Appellee.
                                                                                                                                      

On appeal from the 239th District Court of Brazoria County, Texas.
                                                                                                                      

DISSENTING MEMORANDUM OPINION
 
Before the Court En Banc



Dissenting Memorandum Opinion by Justice Yañez 
Joined by Justices Rodriguez and Garza
 
The majority holds that appellee, Cornelious O’Bryant, Jr., failed to establish an essential
need to have his lawsuit tried in Brazoria County. Accordingly, the majority reverses the
trial court’s order denying appellants’ motion to transfer venue. Because I would hold that
O’Bryant met his burden to establish an essential need to try his lawsuit in Brazoria County,
I respectfully dissent.
Background
          This is an accelerated interlocutory appeal under section 15.003 of the civil practice
and remedies code.


 Appellants, Rentzenberger, Inc. (“Rentzenberger”), The Burlington
Northern and Santa Fe Railway Company (“BNSF”), and Samuel Grant Everson
(“Everson”), appeal from the trial court’s order denying their motion to transfer venue. 
O’Bryant filed suit against appellants, alleging personal injuries arising out of an automobile
accident. In a single issue, appellants contend the trial court erred in denying their motion
to transfer venue because O’Bryant failed to establish an “essential need” to have his
lawsuit tried in Brazoria County as required by section 15.003.


 
          O’Bryant and Randy Daniels (“Daniels”) are railroad workers employed by BNSF. 
BNSF contracts with Renzenberger, a crew transportation company, to transport BNSF
employees to and from various points. On February 14, 2004, BNSF arranged for 
Everson, a driver for Renzenberger, to pick up O’Bryant and Daniels in Davidson, Texas,
and drive them to Temple, Texas. En route to Temple, the vehicle was involved in a
single-vehicle accident in Buckholts, Texas, which is located in Milam County. O’Bryant
and Daniels allege that they suffered personal injuries as a result of the accident. They
filed suit in Brazoria County based on the Federal Employers’ Liability Act (“FELA”).


 
          Suits brought under the FELA are subject to the mandatory venue provisions set
forth in section 15.018 of the civil practice and remedies code.


 Appellants concede that
Brazoria County is a proper venue for Daniels under the FELA because he resides there. 
O’Bryant is a resident of Harris County, however, and cannot properly maintain venue in
Brazoria County independently. Therefore, he seeks to join Daniels’s suit pursuant to
section 15.003 of the civil practice and remedies code.


  
          On May 10, 2004, appellants filed a motion to transfer venue, requesting that
O’Bryant’s claim be transferred to Tarrant County, where BNSF’s principal place of
business is located. Appellants also denied O’Bryant’s claim that venue was proper in
Brazoria County pursuant to section 15.003. In the same document, “subject to the
foregoing Motion to Transfer Venue,” appellants filed an “Original Answer,” which included
a general denial of the plaintiffs’ claims and various alternative defensive pleadings.


           O’Bryant filed a response to the motion to transfer. He attached various affidavits
and other evidence, which he contends establishes, by prima facie proof, each of the
joinder elements under section 15.003.
          On November 22, 2004, seven days prior to the hearing on the motion to transfer
venue, appellants filed a “reply”


 to O’Bryant’s response and motion for severance. In the
reply, appellants requested that venue be transferred to any of the three counties of proper
venue: (a) Milam County (where the accident occurred); (b) Tarrant County (where BNSF’s
principal place of business is located); or (c) Harris County (the county where O’Bryant
resided at the time of the accident).


 
          On November 29, 2004, the trial court held a hearing on appellants’ motion to
transfer venue. At the hearing, O’Bryant’s counsel objected that appellants “have not
amended their motion to transfer this case to Harris or Milam County.” At the conclusion
of the hearing, the trial court noted, “You know, we got the cases here. We got both these
cases here in Brazoria County.” The trial court denied appellants’ motion to transfer venue. 
This appeal ensued. 
Standard of Review and Applicable Law 
          We review the propriety of a trial court’s section 15.003 joinder decision by
conducting an independent de novo review of the entire record.


 
          The plaintiff bears the burden to offer prima facie proof of each joinder element in
section 15.003(a).


 Prima facie proof consists of properly pleaded venue facts along with
filed affidavits and duly proved attachments to the affidavits that fully and specifically set
forth the facts supporting each pleading.


 If the defendant offers no rebuttal evidence, the
inquiry is over.


 The trial court has discretion to consider a broader range of evidence in
making a section 15.003(a) joinder determination than it would in a venue hearing.


 The
court of appeals is not constrained solely to review the pleadings and affidavits, but
considers the entire record, including any evidence presented at the hearing.


 Any
affidavit evidence relied upon in support of venue allegations must be made on personal
knowledge, set forth specific facts as would be admissible in evidence, and show
affirmatively that the affiant is competent to testify.


 
Analysis 
          O’Bryant had the burden of establishing, by prima facie proof, each of the above-listed joinder elements.


 He attempted to do this by attaching the following documents to
his response to appellants’ motion to transfer:
          (1) the affidavit of Clint E. McGuire, attorney for O’Bryant and other plaintiffs, which
states, among other things, that: (a) O’Bryant’s and Daniels’s suits arise out of the same
occurrence and thus involve the same facts, causes of action, evidence and witnesses; (b)
Daniels is an indispensable witness to O’Bryant’s case and his live testimony is essential
to the case; (c) Daniels will appear and testify for O’Bryant only in Brazoria County, and will
not travel to any other county to testify on O’Bryant’s behalf; (d) Daniels’s case will be tried
in Brazoria County, regardless of the outcome of appellants’ motion to transfer in
O’Bryant’s case; and (e) trying both cases in Brazoria County will preserve judicial
resources, reduce litigation costs for all parties, and eliminate the possibility of inconsistent
judgments. 
          (2) Daniels’s affidavit, which states, among other things, that: (a) his case will be
tried in Brazoria County, regardless of whether O’Bryant’s case is transferred; (b) because
of family responsibilities, he will testify for O’Bryant only if O’Bryant’s case is also tried in
Brazoria County, and will not testify for O’Bryant if his case is transferred to any other
county; and (c) he has personal knowledge of the facts regarding the accident, and is
therefore an indispensable witness for O’Bryant. 
          (3) O’Bryant’s own affidavit, in which he states, among other things, that Daniels has
crucial knowledge regarding the accident and is therefore an indispensable witness in
O’Bryant’s case.
          (4) Everson’s deposition testimony, in which he states that he does not recall the
details of the accident because it “all happened so fast.”
          (5) appellants’ responses to O’Bryant’s requests for admission.
          Appellants filed a November 22, 2004 “reply” to O’Bryant’s response. In their reply,
appellants argue that O’Bryant failed to establish the “essential need” element of section
15.003.


 Appellants argue that O’Bryant’s reliance on Daniels’s unwillingness to travel
outside of Brazoria County to testify fails to establish an “essential need” for O’Bryant to
try his lawsuit in Brazoria County because if O’Bryant’s case were transferred to either
Milam or Harris County– both counties of proper venue– Daniels could be subpoenaed to
testify because his residence is within the 150-mile subpoena range of the court. See Tex.
R. Civ. P. 176.3(a).


 
          Appellants attached two documents to their reply: (1) the accident report,
establishing that the accident occurred in Milam County and that O’Bryant is a resident of
Harris County; and (2) an excerpt from the investigating officer’s deposition testimony
establishing the validity of the accident report.
          In their sole issue, appellants contend that O’Bryant failed to establish an essential
need to have his lawsuit tried in Brazoria County. Before examining the evidence,
however, I first address appellants’ argument that their “misnomered” reply was an
amended motion to transfer venue.
          Appellees argue that appellants’ May 10, 2004 motion to transfer venue requested
transfer to Tarrant County (BNSF’s principal place of business) only and that appellants
never amended their motion to request transfer to any other county. Appellants argue that
although “misnomered a ‘reply,’” their November 22, 2004 pleading was, in substance, an
amended motion to transfer venue. Thus, appellants argue that their “amended motion”
requested transfer of venue to any one of three counties of proper venue: Milam County,
Tarrant County, or Harris County. I turn to appellants’ contention that their November 22
“reply” was an amended motion to transfer venue. 
          In determining the nature of a pleading, we must look to the substance of the
pleading and not just to the title given to the pleading.


 A "supplemental" or reply pleading
is filed in response to the last pleading of an adverse party and repeats allegations
previously pleaded only when necessary.


 An amended petition, on the other hand, adds
to or withdraws from that which was previously pleaded, such as a new cause of action.


 
An amended petition also supersedes all prior petitions.


 An amended pleading is to be
entire and complete in itself; it is a substitute for the instrument amended.


 
          As noted, appellants argue that their November 22, 2004 reply—which expands
their request to transfer venue to Milam and Harris County, in addition to Tarrant County— 
is an amended motion to transfer. If we accept appellants’ argument, however, the
November 22 reply is a substitute for appellants’ May 10, 2004 motion.


 Appellants’
November 22 reply: (a) argues that the mandatory venue provisions of section 15.018 of
the civil practice and remedies code defeat O’Bryant’s joinder argument pursuant to section
15.003; (b) pleads alternatively that even if the court determines that section 15.003
applies, O’Bryant has nonetheless failed to establish an “essential need” to try the case in
Brazoria County because Daniels resides within the 150-mile subpoena range of Harris
County and Milam County; and (c) moves that O’Bryant’s claims be severed and
transferred. Appellants’ November 22 reply does not contain an answer to the plaintiffs’
pleadings. Looking to the substance of appellants’ November 22 reply, which does not
contain an answer or other defensive pleadings, I conclude it is a reply pleading and is not
an amended motion to transfer venue.


 
          I now turn to appellants’ argument that O’Bryant failed to establish an essential need
to try his suit in Brazoria County.


 
          Daniels’s affidavit asserts that he has personal knowledge of facts regarding the
accident and is therefore an indispensable witness for O’Bryant. He also states that
because of family responsibilities, he will only testify for O’Bryant if the case is tried in
Brazoria County. O’Bryant’s affidavit similarly asserts that Daniels is an indispensable
witness in his case. In his affidavit, counsel for O’Bryant and Daniels also states that
Daniels is an indispensable witness in O’Bryant’s case and will testify only if O’Bryant’s
case is tried in Brazoria County. Everson, the only other person involved in the accident,
confirms in his deposition testimony that he does not know what happened. I conclude that
O’Bryant offered prima facie proof that he has an essential need to try his lawsuit in
Brazoria County. 
          Appellants’ rebuttal evidence established that Milam County and Harris County are 
counties of proper venue. In addition, appellants argued that if the case were transferred
to either Milam County or Harris County, Daniels could be subpoenaed to testify because
he resides within the 150-mile subpoena range applicable to Milam or Harris County.


 I
have determined, however, that appellants’ November 22 reply is not an amended motion
to transfer venue. Appellants’ May 10 motion to transfer requested transfer only to Tarrant
County. Because appellants’ rebuttal evidence relies on a presumption that their
“amended motion to transfer” requested transfer to Milam County and Harris County—a
contention I reject—I conclude that appellants have offered insufficient evidence to rebut
O’Bryant’s prima facie proof establishing essential need. Accordingly, after conducting an
independent de novo review of the entire record, I would hold that O’Bryant met his burden
to establish an essential need to try his lawsuit in Brazoria County.


 I would overrule
appellants’ sole issue and affirm the judgment of the trial court. 

                                                                                                                      
                                                                           LINDA REYNA YAÑEZ
                                                                           Justice

Dissenting memorandum opinion joined
by Justices Rodriguez and Garza

Dissenting memorandum opinion delivered 
and filed this the 9th day of June, 2005.